**Manjit SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–76258.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 21, 2006 *.

Filed Dec. 27, 2006.

Hardeep Singh Rai, Rai & Associates, PC, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, DOJ—U.S. Department of Justice Civil

R.App. P. 34(a)(2).

**636**

Div./Office of Immigration Lit., John F. Hyland, Esq., Araceli Carrigan, DOJ—U.S. Department of Justice Criminal Division/Fraud Section, Washington, DC, for Respondent.

Before: GOODWIN, WALLACE, and LEAVY, Circuit Judges.

MEMORANDUM **

Manjit Singh, a native and citizen of India, petitions for review of an order of the Board of Immigration Appeals dismissing his appeal from an immigration judge's ("IJ") order denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. The agency made an adverse credibility finding against Singh, which we review for substantial evidence. *Lata v. INS,* 204 F.3d 1241, 1244 (9th Cir.2000).

We conclude that a reasonable factfinder would not be compelled to find Singh credible, given his inconsistent testimony regarding a February 1998 election that occurred during the detention period following his second arrest. *See Kaur v. Gonzales,* 418 F.3d 1061, 1067–68 (9th Cir. 2005) (discussing the "ring of truth" essential to credibility). Contrary to Singh's contention, the record reflects that he was given an opportunity to explain this discrepancy. The IJ considered Singh's explanation that he made a mistake in testifying that he had voted in the election. However, "[t]he possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agen-

cy's finding from being supported by substantial evidence." *Singh–Kaur v. INS,* 183 F.3d 1147, 1150 (9th Cir.1999) (internal quotation marks and citation omitted). Accordingly, the agency acted properly in making an adverse inference based on Singh's failure to corroborate his identity. *See Sidhu v. INS,* 220 F.3d 1085, 1091–92 (9th Cir.2000) (holding that when the IJ has reason to question an alien's credibility, material and easily available corroboration may be required).

By failing to qualify for asylum, Singh fails to satisfy the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

Singh is not entitled to CAT relief because he did not show that it is more likely than not that he would be tortured if returned to India. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.